NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0321n.06

No. 18-4044

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 25, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GEORGE ABERNATHY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| GEORGE KRAL, Chief of Toledo Police; JOHN | ) | COURT FOR THE |
| THARP, Sheriff; MICHAEL NOEL, DEA Agent; | ) | NORTHERN DISTRICT OF |
| CITY OF TOLEDO, OH, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

Before: WHITE, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. George Abernathy sued Drug Enforcement Administration (DEA) agent Michael Noel, the City of Toledo, and local law-enforcement officers in Ohio state court, seeking a return of $46,340 seized from his residence. Noel removed the case to federal court, which ultimately dismissed Abernathy's complaint. Abernathy now challenges the removal to federal court. We AFFIRM.

I.

Noel has been a DEA agent since 2008. He also is an appointed Special Deputy Sheriff of Lucas County, Ohio. In 2017, Noel obtained a state-court warrant to search Abernathy's residence. With the assistance of other DEA agents and local law-enforcement officers, Noel executed the warrant and seized narcotics, currency, and other narcotics-related items from Abernathy's

residence. The DEA took custody of the items and later turned the currency over to the United States Marshal Service.

Seeking a return of the seized currency, Abernathy promptly sued Noel, the City of Toledo, and local law-enforcement officers in Ohio state court. Noel removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which allows an officer of the United States to remove a case directed against him "for or relating to any act under color of such office." Abernathy initially objected to removal, contending that Noel was not a federal officer acting under the color of his office when he obtained and executed the search warrant. The district court denied the objections but granted Abernathy leave to file a motion to remand to state court for want of federal jurisdiction. Rather than file such a motion, Abernathy filed a document that he styled a "Motion for Clarification," but which was really no motion at all. Telling the court that he "regard[ed] the return of this matter to the State Court as not being in [his] best interest" and that "it really makes no difference[] to [him] where the issues here are resolved," Abernathy disavowed any further challenges to removal and expressed his preference to have the matter speedily resolved in federal court.

Thereafter, the district court dismissed Abernathy's complaint. The court stated: "Plaintiff originally objected to removal. He now no longer does, per his 'Motion for Clarification.' Those motions are moot and overruled accordingly." The court then determined that dismissal was appropriate because the government's pending civil forfeiture action provided Abernathy with an opportunity to pursue an adequate legal remedy and because Abernathy's various other challenges to the seizure of the currency were meritless. The district court subsequently denied Abernathy's motion for reconsideration.

II.

Despite having previously disavowed any further objection to removal, Abernathy's appeal challenges only the removal. Because Abernathy's removal challenges touch on our jurisdiction, we will not treat the claim as having been either forfeited or waived. *See City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 388 n.4 (6th Cir. 2007). But his failure to build his case against removal when given the opportunity by the district court nonetheless colors our analysis of Abernathy's appeal.

To qualify for federal-officer removal under § 1442(a)(1), a federal officer "must both raise a colorable federal defense and establish that the suit is *for* a[n] act under color of office." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (alteration in original) (citation and internal quotation marks omitted). Although we struggle to decipher his briefing, Abernathy's overarching argument appears to be that removal was improper because Noel had not met his burden of showing that (1) he was a federal officer and (2) he was acting under the color of his office as a DEA agent when obtaining and executing the search warrant. Abernathy argues that a factual dispute remains as to those issues and that the district court therefore erred by siding with Noel.

But on the record before us, we cannot say the district court erred by concluding that federal-officer removal was appropriate. There is no doubt that Noel is a federal officer. He has been a DEA agent since 2008. But was he acting under color of that office? To show that he was, Noel had to establish "a causal connection between the charged conduct and asserted official authority." *Jefferson County*, 527 U.S. at 431 (citation and internal quotation marks omitted). According to Noel's affidavit, both DEA agents and local law-enforcement officers assisted Noel in executing the search warrant. But once the items were seized from Abernathy's home, Noel "listed everything seized on a DEA inventory form." Then, "[t]he DEA," not the State of Ohio or

any other state or local government entity, "took custody of every item on the DEA inventory form immediately upon seizure." And, according to Noel, "[t]he DEA continues to maintain custody of all items on the DEA inventory form with the exception of the Seized Currency. The DEA turned over custody of the Seized Currency to the United States Marshals Service . . . ." Noel's affidavit, therefore, shows that he was working under the color of his federal office when he seized the currency.

Abernathy seems to believe that the affidavit alone could not satisfy Noel's burden of showing that he was acting under color of his federal office. But that is not so. *See Willingham v. Morgan*, 395 U.S. 402, 407–10 (1969) (finding that removal was proper based on the removing parties' unrebutted affidavits). Similarly, Abernathy seems to suggest that the district court erred by treating Noel's affidavit as true. Abernathy, however, offered no evidence to contradict Noel's sworn assertions, despite being given the chance to further pursue a remand to state court.[1]

Abernathy does not contest the second requirement for federal-officer removal, that the officer "raise a colorable federal defense." *Jefferson County*, 527 U.S. at 431. Noel nevertheless addresses the issue, saying that he was not required to raise a federal defense because the United States is the real party in interest. *See Upper Cumberland Elec. Membership Corp.*, 484 F.3d at 391. We need not decide whether Noel is exempt from the federal-defense requirement because, regardless, he raised a colorable federal defense. We note that assessing whether a colorable federal defense has been presented is a case-specific inquiry, and our task is complicated somewhat by the unclear nature of Abernathy's pleadings. Nevertheless, Abernathy seemed to argue in part

---

[1] Abernathy attempts to "disavow that in [his] lawsuit any allegations were directed at the Government." That is, Abernathy seems to ask that, in the event we determine Noel was acting as a federal officer when executing the search warrant, we should overlook that fact so Abernathy can return to state court. This we decline to do.

that the seizure of his property was improper because Noel was not acting as a federal law-enforcement officer and Noel improperly seized the funds in the name of the United States. Noel disputed these arguments, and resolution of these issues depends at least in part on federal law. *See Mesa v. California*, 489 U.S. 121, 127–30 (1989). The district court, therefore, properly proceeded with the case.[2]

Having concluded that removal was appropriate, we would, ordinarily, turn to the merits of the district court's decision dismissing the case. But Abernathy makes no developed argument regarding the district court's decision to dismiss. Therefore, we need not comment on the merits of that decision.

\* \* \*

We AFFIRM the judgment of the district court.

---

[2] Abernathy argues that removal was improper without Noel first obtaining certification by the Attorney General as required by the Westfall Act, 28 U.S.C. § 2679. *See Osborn v. Haley*, 549 U.S. 225, 229–30 (2007) ("When a federal employee is sued for wrongful or negligent conduct, the Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" (quoting 28 U.S.C. § 2679(d)(1), (2))). Abernathy's claim is meritless. He did not sue Noel in tort. *Id.* at 229 (recognizing that the Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"). Nor did Noel seek protection under the Westfall Act.